UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **RONNIE D. SIMS, JR.,** | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 3:23-cv-01237<br>Judge Trauger |
| **STATE OF TENNESSEE,** | ) ) ) | |
| Respondent. | ) ) | |

# ORDER

On November 13, 2023, Judge William Campbell dismissed without prejudice a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Ronnie Sims, Jr., a pretrial detainee in the custody of the Davidson County Sheriff's Office. *See Sims, Jr. v. Tennessee*, Case No. 3-23-cv-992. In so ruling, the court determined that Sims had not exhausted administrative remedies regarding his speedy trial, excessive bail, and double jeopardy claims. (*Id*. at Doc. No. 7.) Shortly thereafter, Sims filed the instant Section 2241 petition, raising similar speedy trial and double jeopardy claims. (Doc. No. 1.) Once again, the petition fails to demonstrate the exhaustion of administrative remedies, and it does not allege that the petitioner is being prevented from doing so. *See id*. Thus, for the reasons previously explained by the court, the petitioner's "only recourse [i]s [not] to the federal courts by way of a petition for habeas corpus." *Id*. at Doc. No. 7 (quoting *Atkins v. Michigan*, 644 F.2d 543, 550 (6th Cir. 1981)). Accordingly, the petition is **DISMISSED WITHOUT PREJUDICE** for the exhaustion of state remedies.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that the petitioner should be allowed to proceed further, no certificate of appealability shall issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C.

§ 2253(c); Fed. R. App. P. 22(b). The petitioner's motion to dismiss indictment (Doc. No. 3) is **DENIED AS MOOT**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge